KUŸPER & CO. *v.* UNITED STATES (No. 1683).[1]

1. CONSTRUCTION—PARAGRAPHS 104 AND 110, TARIFF ACT OF 1913.
     It was not the legislative purpose to include in paragraph 104, tariff act of 1913,
     structural shapes of steel containing nickel alloy.
2. STRUCTURAL SHAPES OF NICKEL-ALLOYED STEEL, HOW DUTIABLE.
     Structural shapes of nickel-alloyed steel are dutiable as pressed shapes composed
     of steel and containing nickel as an alloy under paragraph 110, tariff act of 1913,
     and not as structural shapes of steel under paragraph 104.

United States Court of Customs Appeals, May 31, 1916.

APPEAL from Board of United States General Appraisers, Abstract 39190.

[Affirmed.]

*Allan R. Brown* for appellants.
*Bert Hanson,* Assistant Attorney General (*Leland N. Wood,* special attorney, of
counsel), for the United States.

[Oral argument April 13, 1916, by Mr. Brown and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain structural steel shapes imported at the port of New York
were classified by the collector of customs as pressed shapes com-
posed of steel and containing nickel as an alloy. The importation
was assessed for duty at 15 per cent ad valorem under that part of
paragraph 110 of the tariff act of 1913 which reads as follows:

110. * * * Pressed, sheared, or stamped shapes not advanced in value or con-
dition by any process or operation subsequent to the process of stamping; * * *
all the foregoing when made by the crucible, electric, or cementation process, either
with or without alloys, and finished by rolling, hammering, or otherwise, and all
steels, by whatever process made, containing alloys such as nickel, cobalt, vanadium,
* * * and similar alloys, 15 per centum ad valorem.

The importers protested that the goods were structural shapes of
steel and therefore dutiable at 10 per cent ad valorem under the
provisions of paragraph 104 which, in so far as pertinent, reads as
follows:

104. Beams, girders, * * * channels, car-truck channels, * * * sashes, frames,
and building forms, together with all other structural shapes of iron or steel, whether
plain, punched, or fitted for use, or whether assembled or manufactured, 10 per centum
ad valorem.

The Board of General Appraisers overruled the protest and the
importers appealed.

That the goods are structural shapes of steel and that they contain
nickel alloy does not appear to be disputed. Paragraph 104 does not
provide for structural shapes of steel containing an alloy. Para-
graph 110, on the other hand, in terms imposes a duty of 15 per cent
ad valorem on all steels, by whatever process made, containing alloys
such as nickel, cobalt, and so forth. That provision in paragraph 110

---

[1] Reported in T. D. 36509 (30 Treas. Dec., 1105).

inclines us to the view that it was not the legislative purpose to include in paragraph 104 structural shapes of steel containing nickel alloy. If it were otherwise, the steel bar alloyed with nickel out of which the pressed structural shape is made would be subjected to a duty of 15 per cent, but once given by pressing the shape required it would carry a duty of only 10 per cent ad valorem. We can not favor an interpretation of paragraph 104 which would bring about such an anomaly as that, especially as the language of the provision is open to a construction which would give it an effect in accordance with the rules which usually obtain in the making of tariff laws.

Congress evidently regarded all steels containing nickel, cobalt, or similar alloys as high-grade steels, and the exclusion from paragraph 104 of structural shapes of steel containing nickel brings that provision into harmony with that part of paragraph 110 which imposes on all steels alloyed with nickel, cobalt, and so forth, and by whatever process made, a duty of 15 per cent ad valorem.

The decision of the Board of General Appraisers is *affirmed.*